I think the issue that I want to address today is the prior conviction that aggravated my client's mandatory minimum from 10 years to 20 years under Section 851C. And this is a unique statute because when looking at these prior enhancements and aggravations in other offenses, the Armed Career Criminal Act, Title 8 section, USC section 1326 on aggravated felonies, the Career Offender Guidelines Act, all these cases that are applying Taylor and Shepard are using a standard of proof which I think doesn't apply to an 851 argument or finding. That standard of proof is in most of those cases are clearly established facts. There are other findings whether the court finds that those facts are clearly established under the prior convictions. This statute, however, specifically says that the government has to prove beyond a reasonable doubt its facts to suffice to get this conviction counted to double the mandatory minimum. Now 851A and B have been held to be strict procedural parts of the statute. 851C talks about another part of the requirement that it be proved beyond a reasonable doubt. That's a standard that's not been addressed in Shepard, in Taylor, or any of the cases referring to these other enhancement statutes that the court has been writing about over the last 15 or 20 years. So you have the abstract of conviction, you have the conviction itself, you have the indictment. What's wrong with all that in terms of a reasonable doubt analysis? Everything. We objected to the whole scenario of the prior. May I also reserve the last three minutes for rebuttal.  Thank you, Your Honor. If you look at if you go and look at this particular set of the Texas statute. We know. Let's start first with before we get into whether it qualifies categorically or not. You're not disputing any of the documents. Yes, we dispute most of them. You don't think there was an abstract of conviction? There was a document called an abstract of judgment. Right. The document is internally inconsistent. No, I understand that. It's illogical. You're not saying, just so we're clear, though, you're not disputing the authenticity of any of the documents. You're disputing the significance of the documents. We're disputing that when those documents were created, that they were not reliable. So that may not necessarily mean authenticity. Go ahead. When you're talking about a document that says that there was a jury called in and the matter was submitted to the jury and other documents in the same document in the judgment say that he entered a plea of guilty to 481.126, it's hard for me to find where the credibility is that the matter went to jury on the facts and issues of the indictment. You're ignoring the Texas law and how that happens, aren't you? Well, the Texas law, I don't think there's anything unusual about the Texas law. The law does not allow you to enter a plea of guilty or does not allow you to have a conviction unless you are submitted to a jury or you enter a plea, just like the law here. And he entered a plea? Well, I don't know because there's no plea called a plea. There's nothing in the record. There's no admission of my client to establish anything beyond a reasonable doubt that that occurred. So what do you think the documents show? It shows that there was an illogical recitation of facts in the document. What does that mean? It means the document is not capable of being believed. Which document? The judgment. The abstract of judgment? The abstract of judgment. For instance, the government argues that he went to trial on this matter. But if you look at the record, and I'm citing the excerpts of the court record at 621, on November 4, at 9.32 a.m., the court told the jury that the attorneys are going to present their summations. At 10.27 a.m. the same day, this is at ECR 641, the defendant was assessed $270 for jury fees due to his late appearance. Now, does that mean he wasn't there earlier in the morning when the court was telling the jury that they're going to do a summation? At 1.25 p.m., this is ECR 628, there is a jury note. If we determine a jail sentence and ask for a suspension, what happens if he violates? It sounds like a collateral attack on that document. No, it just shows that there wasn't a trial. The government says there was a trial. A collateral attack on the document. No, it is showing that these documents are not reliable. We're not. At 3.04 p.m. there was a verdict form. That's at ECR 627. At 3.05 p.m. the defendant swore he'd never been convicted of a felony. Now, if the government's right that there was a trial starting at 9 in the morning instead of a summation and an argument, when did that trial occur? If there was a plea, we don't have a colloquy, we don't have a transcript, we don't have a written agreement. Whether Texas requires a trial on the issue of sentencing may be true, but at the same time, there's nothing, and I think Texas is the same as any other state, you've got to have some agreement beyond a reasonable doubt that this happened. This is a different statute than the other ones that the court has been writing about. Sotomayor and Hamilton talk about. I think you're challenging his conviction. We're admitting he was convicted of 41.126. We're not admitting he was convicted of 41.126 sub 2. Why does that make a difference? Because one, I don't believe one, it's a drug offense. It is using money that was generated from drug proceeds. I don't believe that's a drug offense. It's not a federal drug offense. And so therefore, if he's convicted of 41.126 and not 41.126 sub 2, and all the documents in the judgment the court asked me about indicates that he was convicted of 41.126. Now, there's been some criticism in some of the cases that the defendant always has the right to go and correct the judgment, but the government does too. It's a two-way street. And unless there's a finding that the clerk made a finding that it's a 41.126 sub 2 conviction, it's 41.126. A sub 2 is a legal investment. And from what I see from the record on the reverse side of the indictment, on the verdict form, the abstract of judgment, the offense is described as illegal investment. That's a sub 2. That is a term that's like using in California the word burglary. Oh, my. Well, what is a sub 2 then? Well, it's not. There's no finding on it. Sub 2, an illegal investment crime. It's labeled that way in the statute. I think the statute is characterized both ways in the heading. But that's the problem with this case is there's no two-caller three. I mean, it seems to me that my understanding of Texas law, which is obviously outside our jurisdiction, is they have this peculiar procedure that requires a jury verdict. And so they often have these quick trials where there's a plea of sorts, and then the jury convicts. And that's different from any other state in our jurisdiction as far as I can tell. So why isn't that the most logical explanation of the discrepancies you're describing? Because, Your Honor, I think we're guessing. We don't know. We're guessing. And a lot of those cases where they say we can't decide what might have happened, we have to decide what did happen beyond a reasonable doubt. Right. But you're pointing to time differentials. You say, how could they have a trial in that period of time? The answer is in the statute. I mean, the Constitution requires it of Texas. Well, to engage in that analysis might be logical, but it's still guessing. It's still in the might, within the purview of might. This might have happened. And I don't believe that this statute, draconian as it is, allows us to speculate or guess or find might when you're looking at doubling the mandatory minimum of somebody and requiring the government to prove it beyond a reasonable doubt. So if the court's saying, well, shouldn't this be the way? It's hard to distinguish this case from Severino in that respect. Well, I think, you know, I descended in Severino. So I'm sympathetic to the argument. You and Judge Reinhardt descended in Severino. That's true. And you were saying that 851, although you're talking about Severino. But there's a statute in that one, in Connecticut. And it requires strict compliance with the procedural aspects of the statute to say, well, maybe this happened and that happened and Texas is a little bit odd without it being explained to you exactly what happened. That's speculation. And that doesn't comply with the strict procedural. But if your only argument is the time difference, I realize it's not. It seems to me that that doesn't go anywhere, because at least we just have the documents and you're saying it couldn't have happened this way. You say it could have happened this way, only it was a document that says it did happen. And there was a judgment by jury verdict. Well, I think that my problem is that the jury itself. Let me get into the one, the subsection argument. But I mean, if you're saying basically they didn't prove a conviction of some sort, I think that's a tough argument. Well, but I'm not making that argument. What are you saying? We didn't know it was a jury conviction. It wasn't a plea. We don't know he's convicted of anything. We know there's a conviction of 41.126. Whether it's one or two, we don't know. And because there's a failure of proof, then this is either categorical or it's a modified categorical. I'll reserve my time. Thank you. Good morning, Mr. Massa, members of the court. My name is Michael Kalahari, Assistant United States Attorney representing the United States for America. Judge Thomas mentioned three documents of significance from the Texas conviction. I would like to add a fourth. I believe that is equally as important. And those are the jury instructions which were given by the presiding judge of that El Paso court at that hearing. This is Excerpt of Record 621, and I think it goes a long way to explain what happened in this case. And since these are documents, this is the papers of the presiding judge, I would not think defendant would claim this is unreliable hearsay. And I quote Excerpt of Record 621 from the instructions. The defendant, Todd A. Hernandez, stands charged by indictment with the offense of illegal investment alleged to have been committed in El Paso County, Texas on or about 31 August 1990. That paraphrases the only charge in the indictment in this case. The instructions go on, and this is the important part. To these charges, the defendant has entered his plea of guilty. He has persisted in entering his plea of guilty, notwithstanding that the court, as required by law, has admonished him of the consequences. Yet plainly appearing to the court that defendant is mentally competent and that he makes this plea freely and voluntarily, his plea is by the court received. You are instructed to find the defendant guilty as charged in the indictment and assess his punishment. Then later on in the same instructions, because now the court gives instructions on sentencing considerations, at Excerpt of Record 622. And I quote, An individual judged guilty of illegal investment, a first-degree felony, shall be punished by confinement in the Texas Department of Justice, etc. And the court then gives the statutory penalty, and the range is applicable to this offense. What this indicates is exactly the procedure that we have articulated and cited in the Texas statutes. Because under Texas law, number one, a guilty plea by itself is not sufficient. If the defendant waives his right to jury, then that is by itself enough, and the judge may sentence the defendant. However, if defendant does not waive his right to a jury, and we know that because if you look at the documents at Excerpt of Record 631, defendant specifically elects to be sentenced by the jury. And under these circumstances, Texas Rules of Criminal Procedure expressly provide that the jury, in addition to sentencing the defendant, must also enter a jury verdict. And presumably that's why there's instructions given by the court. There is a – it indicates that there is a finding of guilty that must be entered presumably to avoid jury notification problems. But there must be a specific finding by the jury of defendant's guilt. So if you take the jury instructions, that explains what happens. Now, I understand defense counsel is talking about the – what he calls about inconsistencies. That's under judgment. And you will notice, unfortunately, the paperwork entered by the clerk. You have to scratch out a whole bunch of different things to make that form fit to the particular situation. And the only mistake, the only inconsistency is in the text, where the clerk should have perhaps X'd out not guilty, enter a plea of not guilty, as opposed to saying guilty. But everything else is consistent with Texas procedure. And I think in terms of what actually went on in the case, the jury instructions really tell you – make the best showing of what happened in this particular case. And the last point I make here on the – on the conviction itself, I think as Judge Brunetti pointed out, this is an attempt at a collateral attack, and that was barred by the five-year statute of limitations in Section 851. I also leave one more point, if I may. If – if there was as much of a problem with this particular conviction as defendant claims, please note that even though in 1993 he was sentenced to a probation sentence, he was brought back to Texas in 1997 for revocation of his probation, and he was sentenced to five years. It's very interesting. If you look at the revocation part of the record, that's at 680 through 685, defendant pled guilty pursuant to a plea agreement and the revocation provision. He never appealed or sought any relief from the so-called inconsistencies, which some 12 years later, at the course – only in the course of this particular case, defendant raised for the first time. All that being – go ahead. No, go ahead. All that being said, the key question here is whether the subsection he was convicted of. Yes. And how do we know it's A2 instead of A1 or vice versa? Well, the first problem with defendant's argument, Your Honor, is the statutory language of the Texas statute to begin with. And the reason I say that is you have subdivision A. I'm going to be pretty specifically on the documents. How do you know it's A1 or A2? Because of the title of illegal investment, Your Honor. And if you look at the statute, if you look at subdivision 2, subdivision 2 sets forth – articulates the requirements and the elements of the offense of illegal investment, and you compare that with the language of the indictment in this case, and they track exactly together. And I would point out one of the key issues is there is no real significance when defendant says that there was a failure in the judgment to specifically reference subdivision 2 versus subdivision 1. And that is because the language of the statute itself is in the disjunctive. It's either subdivision 1, which sets forth the crime of illegal expenditure, or subdivision 2, which articulates the crime of illegal investment. And so even if you only made reference to the statute itself, but not subdivision 1 and 2, I think it's clear from how the way the statute operates. It's got to be one or the other. The facts are different. As we're not – we're not – That's the question. Of course, they're two different statements, and the statute covers two different offenses. And under the Texas law, they are both illegal aspects of funds relating to drugs. One has to do with expenditures. Would that be covered under federal law? I think arguably it could, Your Honor, but the way the statute is written, I think that's why we've made our primary argument with respect to – 2. 2. Yes. Do you have a case on the first subsection? No. Not specifically? The only one I've found, the Fifth Circuit says they're declining to sign that. That's correct. So. I think – Your answer is arguably. Yes, it's not – It doesn't help a lot. Well, the point I made is – It could be or it couldn't be. My sense is that if it's a first impression, Your Honor, my sense is that the federal definition of felony drug offense is broad enough to cover that. Because the statute, the definition of felony drug offense includes any conduct which is prohibited, which relates to illegal or controlled substances. And I could – and please – and the whole section to begin with is – It was not clear whether it was 2 or 1. We would have to decide the question for the first time whether 1 constitutes a federal drug offense. Yes. But my argument is that you do not need to go that far. The argument is it's clear that it's 2. That's correct. And I think that that's the reason why my analysis that I set forth in the answer in brief on this issue is, first, the fact of conviction, and that you may rely upon. I don't think there's any change in the law. You may rely upon the record that was generated in the Texas court to determine what was the offensive conviction. And by that analysis, I conclude, Your Honor, and I would suggest the court conclude, that the offense of conviction here was illegal investment. The next question is, is illegal investment within the scope of felony drug offense? That is to say, apply the categorical approach. And since every offense, every possible offense of illegal investment involves different kinds of illegal drugs, I contend to the court that under the categorical approach, the offense of illegal investment, regardless of which particular crime, which particular drugs involved, is subsumed within the definition of felony drug offense. And for that reason, you never have to get to the issue of categorical approach because the statute of conviction is not broader than the federal definition to begin with. We are fortunate here. You mean the modified category? I'm sorry. Modified categorical approach. Yes, Your Honor. We're fortunate here that we don't have to deal with what constitutes generic burglary or something like that. Congress has spoken, as Judge Thomas indicated in the Estrada case, Congress has spoken and given us a definition to work with. And for that reason, I believe we are, you know, once and after.  It indicates that, you know, the list of documents one may rely upon, even in the modified categorical approach, is much broader than Mr. DeMassa's argument in this appeal. Thank you, counsel. I believe in our brief we cited 21 U.S.C. 854, which makes it unlawful for any person who has received income derived in violation of either subchapter to use or invest it directly or indirectly or indirectly in any part of such income. The problem is that that statute has additional portions to it which would render it not applicable to the situation. I believe it talks about interstate commerce affecting interstate commerce, and that's not going to be the Texas statute situation. This judgment that I know we're all respectful of judgments, but if you take if you take a moment and look at it when you have a chance at page 616, assuming it's a true judgment, it's dated December 7, 1993. So this judgment was not done on November 4 of 1993. It was done a month and three days later, assuming it's an accurate copy of the judgment that was done. So whether the clerk and the judge's signature apparently is here, but it says December 7, 1993, doesn't say November 4, 1993. The issue is, again, when we're trying to figure out what happened, if we're guessing at it, it's not beyond a reasonable doubt. But what's your best in the record? What's your best argument that this isn't the illegal investment under section two? Because it doesn't say so. Well, there's illegal investment. It says defense convicted of the indictments as illegal investments. It says 41.126. It's an argument based on. And I get that part. But every place else is referenced as illegal investment. My question is, is there any place that would indicate to the contrary? I haven't found it. And the problem is if we're trying to if we're trying to limit this record, it's if we're if we're if we're guessing at the record. I understand your argument today. I've proven it. I'm just wondering if there's anything in the record that indicates the contrary as to that phrase. No, but that's another problem about looking at records that are 14 years old. And there's been some observation in some of the statutes and some of the cases that relying upon old records to to prove enhancements with these draconian penalties is something that's fraught with peril. So we don't know what happened to the rest of the record. We have a lot of the record here, but we don't know. We haven't got a court reporter. We haven't got an agreement or written a colloquy of the of the defendant. Mr. Kalahari says, well, you know, we're trying to we're trying to maximize the amounts of documents. But my goodness, when you're talking about proof beyond a reasonable doubt, this is not the same situation as Snellenberger or the other cases where you're talking about whether there's clearly established evidence or clear and convincing evidence. This standard is much higher. It's much more difficult for the government to make that to make that proof. I would submit it, Your Honor. I believe there was a there was a motion. There was some various motions the courts ruled on. I believe we made a motion to have the court review a Henthorne filing. And I don't know if that was addressed or not. We there was a Henthorne. There was a Henthorne letter that was filed with Judge Mulway. And I made a motion to have it brought up to the court. And I don't know. I reviewed all the other orders before I left San Diego. And I don't recall if that was in there. All right. Then I stand corrected. Thank you. Thank you. Thank you both very much for your arguments. The case will stand submitted. Next case to be argued is the other case, which is Hirokawa, Toyokawa and Okada.
judges: Reinhardt, Brunetti, Thomas